**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CR-24-403-PRW |
| DAO KUN FENG, XIAN LONG RUAN, and XIU PING HUANG, | ) |
| Defendants. | ) |

# SCHEDULING ORDER

In accordance with this Court's Order (Dkt. 38) declaring this case complex and resetting it to the September 2025 trial docket, and upon review of the parties' agreed proposed scheduling order, the Court hereby sets the following deadlines in this matter:

| | Date | Event |
|---|---|---|
| 1 | 1/10/2025 | Government report on the status of discovery.[1] Discovery should be substantially complete by this date, except as to items specifically scheduled below. |

---

[1] The government's report to the Court on the status of discovery shall disclose the following matters:

a. A general description, with itemization by descriptive categories, of the nature of the materials that have been produced to defendants, with attention specifically to the status of retrieval, processing, and production of electronically stored information.

b. A general description, with itemization by descriptive categories, of the nature of the materials that the government intends to produce but has yet to produce with a statement of the intended "not later than" date of production date for each category.

c. A statement of the date by which the government anticipates that its production of discovery materials will be substantially complete, except as to (i) materials described in Federal Rule of Criminal Procedure 16(a)(1)(F)-(G) and (ii) materials which may be generated or obtained by the government after the date of the report as a result of the government's ongoing activities in the case.

| 2 | 2/21/2025 | Motions to dismiss the indictment that do not rely upon evidentiary materials outside the face of the indictment |
|---|---|---|
| 3 | 2/21/2025 | Motions pursuant to Rule 12(b)(3)(A) or (B) (defects in instituting the prosecution or in the indictment) |
| 4 | 2/21/2025 | Notices pursuant to Rule 12.2 (insanity; mental condition) or 12.3 (public authority)[2] |
| 5 | 2/21/2025 | Motions which, if granted, would result in a trial of this case, or of any defendant, in a judicial district other than the Western District of Oklahoma |
| 6 | 2/21/2025 | Motions for bill of particulars |
| 7 | 3/28/2025 | Responses to 2, 3, 4, 5, 6 |
| 8 | TBD | Hearing on motions that are at issue |
| 9 | 3/28/2025 | Government disclosures pursuant to Rule 16(a)(1)(F) (examinations and tests) |
| 10 | 3/28/2025 | Government expert disclosure pursuant to Rule 16(a)(1)(G)[3] |
| 11 | 5/16/2025 | Defense disclosures pursuant to Rule 16(b)(1)(B) (examinations and tests) |
| 12 | 5/16/2025 | Defense expert disclosure pursuant to Rule 16(b)(1)(C)(i) |
| 13 | 6/6/2025 | Motions[4] seeking severance of defendants, or counts, under Rule 14, or on any other basis |

---

[2] If any timely notices are filed pursuant to Rule 12.2, the Court will, by separate order, establish a schedule governing matters relating to the issues thereby raised.

[3] With respect to written summaries of proposed expert testimony, counsel for the government and for Defendants must be mindful that summaries must "describe the witness[es'] opinions, the bases and reasons for those opinions, and the witness[es'] qualifications." Fed. R. Crim. P. 16(a)(1)(G); *see id*. Rule 16(b)(1)(C). Summaries of proposed expert testimony "should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." Fed. R. Crim. P. 16 advisory committee's note (1993); *see United States v. Jackson*, 51 F.3d 646, 651 (7th Cir. 1995). Cursory summaries of proposed experttestimony will not suffice. Rule 16 and Rule 702 (with the resultant gatekeeper responsibility) apply to "soft" and "hard" expert testimony. *See, e.g., United States v. Cruz*, 363 F.3d 187, 192- 93 (2d Cir. 2004).

[4] Counsel are reminded of Local Civil Rule 7.1(c), made applicable in this case by Local Criminal Rules 1.3 and 12.1(e), which states, in pertinent part, that: "Each motion filed shall be a separate document, except where otherwise allowed by law, these rules, or court order. A

| 14 | 6/6/2025 | Motions to dismiss that are based on materials outside the face of the indictment |
|---|---|---|
| 15 | 6/6/2025 | Motions to suppress or exclude evidence (including statements by defendants) or testimony as having been obtained contrary to law (including motions for *Franks* hearing)[5] |
| 16 | 6/6/2025 | Motions for *Jackson-Denno* hearing |
| 17 | 6/6/2025 | Motion for *James* hearing |
| 18 | 6/27/2025 | Responses to 13, 14, 15, 16 |
| 19 | TBD | Hearing on motions (excluding *James* hearing) |
| 20 | 6/27/2025 | Government to file summary of evidence (for *James* hearing purpose only) that (1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy. The summary will also include, as to each defendant filing a *James* motion, a compendium of the defendant's co-conspirator statements[6] |
| 21 | TBD | *James* Hearing |

---

response to a motion may not also include a motion or across-motion made by the responding party."

[5] Any motion to suppress shall set forth with particularity the items of evidence or statement(s) to which the motion is addressed, and each such motion shall set forth specific factual details to support any claim that such evidence was unlawfully obtained. Any motion to suppress not containing such specific information or any motion cast in conclusory or conjectural terms may be stricken. Each motion to suppress must include the specific legal ground upon which it is contended that any such item of evidence or statement was unlawfully obtained and citation to andargument based on appropriate legal authority.

[6] If the government desires to withhold, for the time being, the actual identity of any person whose identity is otherwise required by this order to be disclosed in the compendium, the government shall file, not later than May 8, 2025, a motion seeking permission to do so. Any such motion may be filed under seal and shall clearly state (i) the factual basis on which the government relies in seeking to temporarily withhold the identity information and (ii) the reasons for which the government submits that temporary withholding of identity information will not unduly impair the ability of the court or defendants' counsel to discharge their respective duties with respect to the determination of the issues before the court at the *James* hearing.

| 22 | 7/11/2025 | Motions challenging the admissibility of expert testimony under *Daubert*/Rule 702 |
|---|---|---|
| 23 | 7/11/2025 | Rule 404(b) notices |
| 24 | 7/25/2025 | Applications for subpoena pursuant to Rule 17(a) or (c) |
| 25 | 7/25/2025 | Motions in limine seeking to exclude evidence on any basis not subject to an earlier deadline, or seeking a pretrial determination that evidence is admissible |
| 26 | 7/25/2025 | All other motions not otherwise provided for in this schedule (except motions as to which a clear showing is made that the matter could not reasonably have been anticipated prior to this deadline) |
| 27 | 8/1/2025 | Response to 22 |
| 28 | 8/1/2025 | Production by government of Jencks Act (18 U.S.C. § 3500) material not previously produced |
| 29 | TBD | Hearing on *Daubert*/Rule 702 motions |
| 30 | 8/15/2025 | Responses to 25, 26 |
| 31 | 8/15/2025 | Requested jury instructions and verdict forms |
| 32 | 8/15/2025 | Objections to proposed jury instructions |
| 33 | 8/15/2025 | Trial briefs, required voir dire, and proposed summary of the indictment |
| 34 | TBD | Hearing on pending motions, final pretrial conference, and preliminary conference with respect to jury instructions |
| 35 | September 2025 | Jury selection and trial |

1.     To the extent that the provisions of this Order are inconsistent with Local Criminal Rules, this Order governs.

2.     Counsel will note that the dates set forth above are "not later than" dates. The Court anticipates and expects that, in those instances in which activities contemplated by this schedule can be completed in advance of the date specified, that will be done.

4

3.  The Court states its expectation that all counsel will give this case the high priority that it warrants, to the end that procedural and discovery problems can and will be anticipated and avoided, and to the end that significant modifications of this schedule will not be necessary. On that point, the Court expects that all counsel will be mindful of the fact that almost all of the steps contemplated by the schedule set forth above are interrelated with other steps and that opposing parties, as well as the Court, will proceed in reliance not only upon the schedule as written but also upon a firm expectation that all counsel will discharge their duties in a thoroughly professional and timely way.

4.  The filing of reply briefs will not be permitted except by leave of court, which will be sparingly granted on the basis of a compelling showing. Any motion seeking leave to file a reply brief must be filed within two working days after the filing of the response.

5.  As the various hearing dates approach, the Court will take such action as may be reasonably necessary or appropriate to protect the parties from any adverse impacts which may result from joint proceedings in these cases.

**IT IS SO ORDERED** this 12th day of December 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE