IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-24-403-PRW-2 |
| XIAN LONG RUAN, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant Xian Long Ruan's Motion to Dismiss Count One, or Alternatively, Motion for a Bill of Particulars, with Brief in Support (Dkt. 48) and Motion for Return of Property, with Brief in Support (Dkt. 49). The Government has responded to both motions, and Defendant has filed replies. For the reasons that follow, Defendant's Motion to Dismiss Count One, or Alternatively, Defendant's Motion for a Bill of Particulars (Dkt. 48) is **DENIED** and Defendant's Motion for Return of Property (Dkt. 49) is **GRANTED IN PART** and **DENIED IN PART**.

### *Background*

On September 17, 2024, Xian Long Ruan was charged by Indictment (Dkt. 1) with two counts: (1) drug conspiracy, in violation of 21 U.S.C. § 846, and (2) money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Pursuant to the parties' Joint Motion, the Court declared this case complex and entered a Scheduling Order (Dkt. 39). In accordance with the deadlines therein, Ruan timely filed the motions.

I.      **Motion to Dismiss Count One, or Alternatively, Motion for a Bill of Particulars**

Ruan seeks dismissal of Count One of the Indictment for lack of specificity pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii). In the alternative, he requests a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

### *Legal Standard*

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."[1] Generally, an indictment that "set[s] forth the offense in the words of the statute itself" is sufficient, so long as the words "themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary[.]"[2] In such a case, "[w]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it 'need not go further and allege in detail the factual proof that will be relied upon to support the charges.'"[3]

A district court may, within its discretion, "direct the government to file a bill of particulars."[4] "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize

---

[1] *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted).

[2] *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

[3] *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (quoting *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)) (further quotation and citation omitted).

[4] Fed. R. Crim. P. 7(f); *Dunn*, 841 F.2d at 1029.

surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense."[5] Defendants are "not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case."[6] As such, "[a] bill of particulars is not necessary if 'the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial.'"[7]

## *Analysis*

Count One of the Indictment—which charges Ruan with a violation of 21 U.S.C. § 846—contains the essential elements of drug conspiracy, and Ruan concedes as much.[8] His argument focuses instead on the additional details included in Count One setting forth the manner and means of the alleged conspiracy. He argues that the information contained in Count One "does nothing to provide [him] with sufficient information about the charge against him."[9]

Beyond tracking the text of the drug conspiracy statute, Count One specifies (1) that the conspiracy took place from in or about October 2019 through January 17, 2024, (2) the locations of four black-market marijuana grows involved in the alleged conspiracy, and (3)

---

[5] *Dunn*, 841 F.2d at 1029 (quoting *United States v. Cole,* 755 F.2d 748, 760 (11th Cir. 1985)).

[6] *Id.* at 1030 (quoting *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir.)*, cert. denied*, 444 U.S. 979 (1979)) (emphasis in *Dunn*).

[7] *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (quoting *Dunn*, 841 F.2d at 1030).

[8] *See* Def's Mot. (Dkt. 48), at 6.

[9] *Id.* at 3.

3

the specific controlled substance involved (1,000 or more marijuana plants). It further alleges that two of the grows specified were being operated by entities owned in part by Ruan, and that Ruan and his co-conspirators "utilized straw owners, shell corporations, black market marijuana distribution, fictitious documents, and money laundering" rather than complying with Oklahoma's marijuana production laws.[10] And contrary to Ruan's assertion otherwise, Count One *also* includes a statement that "[t]he Grand Jury further incorporates all statements and allegations contained in Count 2, as though fully set forth herein."[11] Count Two details how Ruan and another co-conspirator deposited and wired large amounts of cash, and utilized two bank accounts to purchase items used to facilitate "their unlawful cultivation and distribution of marijuana."[12] As such, Count One of the Indictment contains more than sufficient detail to appraise Ruan of the drug conspiracy charge against which he must defend and is sufficient to bar a future prosecution for the same offense.[13]

Ruan alternatively argues that he is entitled to a bill of particulars. But as explained above, Count One of the Indictment has sufficiently appraised Ruan of the charge against him to enable him to prepare for trial. Taken in combination with the discovery Ruan has

---

[10] Indictment (Dkt. 1), at 4.

[11] *Id.* at 4–5; Def.'s Mot. (Dkt. 48), at 7 n.1; *see* Fed. R. Crim. P. 7(c)(1) ("A count may incorporate by reference an allegation made in another count.").

[12] Indictment (Dkt. 1), at 6–8.

[13] *See Dunn*, 841 F.2d at 1029 (concluding that an indictment alleging drug conspiracy was sufficient when it "quoted the language of 21 U.S.C. § 846 and included the dates of the illegal activity, the place, and the specific controlled substance").

admittedly received well in advance of the scheduled trial date, Ruan is able to prepare his defense, is unlikely to face prejudicial surprise at trial, and can plead double jeopardy in the event of a later prosecution for the same offense.[14] Thus, Ruan is not entitled to a bill of particulars.

## II. Motion for Return of Property

Next, Ruan requests the return of $619,838.13 pursuant to Federal Rule of Criminal Procedure 41(g). In early 2022, the Oklahoma Bureau of Narcotics ("OBN") seized the money currently at issue during its investigation into black market marijuana operations. Some of the money, $46,478.00, was seized pursuant to a search warrant executed on Ruan's home. The remainder, $573,360.13, was seized from various bank accounts owned by Ruan and his spouse. Following the seizure, OBN initiated state civil forfeiture proceedings.[15]

While the state civil forfeiture proceedings were ongoing, the United States Attorney's Office for the Western District of Oklahoma indicted Ruan for drug conspiracy and money laundering on September 17, 2024, commencing this case. The Indictment includes a forfeiture allegation and sets forth various amounts of money as subject to

---

[14] *See Dunn*, 841 F.2d at 1029; *United States v. Ivy*, 83 F.3d 1266, 1282 (10th Cir. 1996) ("By providing complete discovery containing sufficient information to allow them to prepare their defense, the government gave [the defendants] the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment.").

[15] There were initially two separate civil forfeiture proceedings involving the money at issue here, which were consolidated, along with a related replevin action, into one proceeding. *See Xian L. Ruan v. State of Okla. ex rel. Okla. State Bureau of Narcotics and Dangerous Drugs Control*, District Court of Oklahoma County, Oklahoma, Case No. CJ-2022-3000.

forfeiture, and the Government has filed two bills of particulars detailing additional amounts of money subject to forfeiture.[16] The money seized by OBN is included within the forfeiture allegation.

OBN then filed a motion to dismiss the state forfeiture proceedings due to federal adoption of the forfeiture matter.[17] The state court granted the motion to dismiss and dismissed the state civil forfeiture proceedings. Within its order granting dismissal, the state court ordered that the property be returned to Ruan's attorney unless the federal government took action to seize the property within ten days of the order.[18] The federal government seized the property and has maintained possession since. Ruan now seeks the return of the money.

Federal Rule of Criminal Procedure 41(g) provides a mechanism to seek the return of property following "an unlawful search or seizure of property or the deprivation of property[.]"[19] A district court's jurisdiction over motions made pursuant to Rule 41(g) is governed by equitable principals.[20] As such, "[a] district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows 'irreparable harm and an

---

[16] Indictment (Dkt. 1), at 9–10; Bill of Particulars (Dkt. 5); Bill of Particulars (Dkt. 45).

[17] OBN's Mtn. to Dismiss (Dkt. 50-1), at 2.

[18] Journal Entry of Dismissal (Dkt. 50-2), at 3.

[19] "Rule 41 was amended in 2002 as part of the general restyling of the Federal Rules of Criminal Procedure. What was formerly Rule 41(e) is now Rule 41(g), with only stylistic changes." *United States v. Copeman*, 458 F.3d 1070, 1071 n.1 (10th Cir. 2006).

[20] *Floyd v. United States*, 860 F.2d 999, 1002 (10th Cir. 1988) (citations omitted); *United States v. Dahda*, No. 20-3185, 2021 WL 4891650, at *2 (10th Cir. Oct. 20, 2021).

inadequate remedy at law.'"[21] Further, when a Rule 41(g) motion is made while a criminal prosecution is pending—as is the case here—"the movant must demonstrate both lawful and equitable entitlement to the property."[22]

The parties dispute whether a Rule 41(g) motion is the proper vehicle for Ruan's request.[23] The Court need not decide, however, whether a Rule 41(g) motion is the proper vehicle for Ruan's request because, regardless, he has not made the requisite showing. There is an ongoing criminal prosecution with a forfeiture allegation for the funds at issue. While Ruan argues that he has no adequate remedy in state court, he makes no argument that he lacks an adequate remedy through his criminal prosecution to contest the forfeiture of the money.[24] Nor does he reply to the Government's argument saying as much.

---

[21] *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (quoting *Copeman,* 458 F.3d at 1071).

[22] *Dahda*, 2021 WL 4891650, at *3 (citing *United States v. Clymore*, 245 F.3d 1195, 1201-02 (10th Cir. 2001)); *see United States v. Chambers,* 192 F.3d 374, 377 (3d Cir. 1999) ("Generally, a [Rule 41(g)] motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." (citation and internal quotation omitted)).

[23] *Compare United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g) motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed . . . . [or] after criminal proceedings have concluded . . . unless, of course, [the property] has been forfeited in the course of those proceedings." (citation omitted)), *with United States v. Rowland*, No. 23-1821, 2024 WL 3250909, at *3 (3d Cir. July 1, 2024) ("District courts have jurisdiction to consider true Rule 41(g) motions regardless of whether a criminal prosecution is presaged, pending, or perfected.").

[24] *See* Fed. R. Crim. P. 32.2; *Dahda*, 2021 WL 4891650, at *2 (finding that a criminal forfeiture proceeding provided a third party seeking the return of money subject to forfeiture an adequate remedy at law); *United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000) ("This court has held that a forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property." (citation omitted)); *see also Chaim v. United States*, 692 F. Supp. 2d 461, 471 (D.N.J. 2010) ("If the party that has

7

Additionally, Ruan makes no argument that the money is not subject to forfeiture should he be convicted.[25] As such, he has not shown that he has no adequate remedy at law or that he is legally entitled to the money. For these reasons, the Court declines to exercise jurisdiction over the Rule 41(g) motion.[26]

The analysis, however, doesn't end there. Ruan argues in his Reply that the Court should alternatively construe his motion as one brought under 21 U.S.C. § 853. This argument has some merit. In the typical pretrial asset dispute case, the government freezes or seizes assets pursuant to a restraining order or criminal seizure warrant authorized by 21 U.S.C. §§ 853(e) or (f).[27] So, in most instances, a defendant can subsequently challenge

---

filed the Rule 41(g) motion is itself indicted, it is clear that any attempts to recover property must then occur in that criminal proceeding." (citations omitted)); *United States v. Hills*, No. 1:16CR329, 2018 WL 1621088, at *8 (N.D. Ohio Apr. 4, 2018) ("[The defendant's] remedy lies in contesting forfeiture at the conclusion of the criminal proceedings."); *United States v. Farhat*, No. 18-CR-292 (JMA), 2022 WL 970780, at *5 (E.D.N.Y. Mar. 31, 2022) ("Courts routinely deny motions pursuant to Rule 41(g) prior to the conclusion of a criminal proceeding." (collecting cases)).

[25] *See Clymore*, 245 F.3d at 1200 ("Generally, a [Rule 41(g)] motion is properly denied if . . . the property is contraband or subject to forfeiture[.]" (quoting *Chambers*, 192 F.3d at 377)); *United States v. Monsanto*, 491 U.S. 600, 613 (1989) ("Permitting a defendant to use assets for his private purposes that, under [853(c)] will become the property of the United States if a conviction occurs cannot be sanctioned."); *see also* 3A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Crim. § 690 (4th ed. 2025) ("On a motion to return the burden is on the moving party to show that he or she is entitled to lawful possession of the property.")

[26] *See United States v. Bacon*, 900 F.3d 1234, 1237–38 (10th Cir. 2018) ("Whether a Rule 41(g) motion is filed pre-indictment or post-conviction, it remains an equitable remedy, and 'in the federal courts equity has always acted only when legal remedies were inadequate.'" (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959)) (other citation omitted).

[27] *See* 21 U.S.C. § 853(e) (providing for pretrial restraining orders); 21 U.S.C. § 853(f) (providing for pretrial seizure); *see also* 18 U.S.C. § 982(b)(1) (providing that "[t]he

8

the pretrial restraining order or seizure.[28] But here, the Government did not seek a restraining order or criminal seizure warrant. Rather, it obtained the money from OBN—who the parties do not dispute was in legal possession of the money—and then simply kept it without taking any further action. Thus, the Court sees no reason why Ruan can't challenge the *lack* of a pretrial seizure warrant in the same manner as a defendant challenging a restraining order or warrant obtained pursuant to § 853.

The Government argues that its possession of the money is lawful because it "adopted" the seizure of OBN, in accordance with the provisions of the civil forfeiture statute, 18 U.S.C. § 981. To be sure, § 981 does extend to property involved in money laundering and to proceeds of controlled substance offenses.[29] And while a seizure pursuant to § 981 generally requires a warrant,[30] there are exceptions to this rule. One such exception is when "the property was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency."[31]

So, the Government is correct in that § 981 authorizes the federal government to seize assets from a state agency who had lawfully seized the assets, as was the case here. But the Government does not elaborate on what is required following its adoption of a

---

forfeiture of property under this section, including any seizure and disposition of the property," is governed by 21 U.S.C. § 853).

[28] *See Kaley v. United States*, 571 U.S. 320, 325 (2014) (challenging a pretrial restraining order under 21 U.S.C. § 853(e)(1)); *Monsanto*, 491 U.S. at 604; *United States v. Jones*, 160 F.3d 641, 643–44 (10th Cir. 1998).

[29] 18 U.S.C. §§ 981(a)(1)(A), (B)(i).

[30] *See id.* § 981(b)(2).

[31] *Id.* § 981(b)(2)(C).

lawful state authorities' seizure to continue its possession of the property in the context of a criminal forfeiture. Section 983, part of the Civil Asset Forfeiture Reform Act (CAFRA), provides a bit of guidance.[32] It sets forth various deadlines for providing notice of nonjudicial civil forfeiture proceedings and for initiating a civil judicial forfeiture action upon receiving a claim.[33] It further provides that when a "criminal forfeiture is the only forfeiture commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute."[34]

The applicable criminal forfeiture statute governing the pretrial seizure for forfeitures under both 21 U.S.C. § 846 (drug conspiracy) and 18 U.S.C. § 1956 (money laundering conspiracy) is 21 U.S.C. § 853.[35] Specific to pretrial seizure, § 853(f) provides that:

> [t]he Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant. If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property.

There is no timeframe included in § 853 for seeking a pretrial seizure.

---

[32] 18 U.S.C. § 983.

[33] *See* 18 U.S.C. §§ 983(a)(1), (a)(3).

[34] *Id.* § 983(a)(3)(C); *see United States v. Martin*, 460 F. Supp. 2d 669, 675–76 (D. Md. 2006) (discussing the interplay between the civil forfeiture and the criminal forfeiture requirements set forth in § 983).

[35] *See* 21 U.S.C. § 853(a); 18 U.S.C. §§ 982(a)(1), (b)(1).

10

Because criminal forfeiture is the only forfeiture sought here, CAFRA does not govern.[36] Instead, § 853—the applicable criminal forfeiture statute—governs the Government's right to continued possession of the money. And under § 853, the Government can seize assets pre-trial when (1) "there is probable cause to believe that the party to be seized would . . . be subject to forfeiture," *and* (2) there is a finding that a restraining order would be insufficient to ensure the availability of the assets likely subject to forfeiture.[37] The Government, however, has not obtained a criminal seizure warrant.

While the Government's continued possession of the assets is currently unlawful, there is no timeframe for when the Government must obtain the criminal seizure warrant.[38] Accordingly, the Government shall obtain a criminal seizure warrant pursuant to 21 U.S.C. § 853(f) within ten (10) days of this Order to maintain lawful possession of the assets. If it fails to do so, it shall return the $613,838.13 in its possession to Ruan pending his trial or conviction.

---

[36] 18 U.S.C. § 983(a)(3)(C); *Martin*, 460 F. Supp. 2d at 676 ("Where, as here, the Government elects to proceed with criminal forfeiture instead of civil forfeiture, § 983(a)(3)(C) tells us that CAFRA's protections are unnecessary and do not apply.").

[37] 21 U.S.C. § 853(f).

[38] *See Martin*, 460 F. Supp. 2d at 676 ("The criminal forfeiture statutes do not include a time limit; even if this Court required that the property be released today, the Government could turn right around, get a new criminal forfeiture warrant, and proceed with criminal forfeiture[.]").

*Conclusion*

For these reasons, the Defendant's Motion to Dismiss Count One, or Alternatively, Defendant's Motion for a Bill of Particulars (Dkt. 48) is **DENIED**. Defendant's Motion for Return of Property (Dkt. 49) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**IT IS SO ORDERED** this 2nd day of May 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE